UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE ESTATE OF JAMAAL TAYLOR, et al., | * |
| Plaintiffs, | * |
| v. | * |
| | * Civil Action No.: 1:22-cv-2459-RDB |
| BALTIMORE COUNTY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendant Baltimore County Maryland, by and through its undersigned counsel, submits this Memorandum in support of its Motion to Dismiss First Amended Complaint.

## INTRODUCTION

Plaintiffs' First Amended Complaint names as defendants Baltimore County Maryland [sic] and two police officers and makes various allegations pertaining to an encounter between Jamaal Taylor and the officers that ended in Mr. Taylor's death. (ECF No 21 ¶¶ 14–32.) The Complaint brings three counts against the County: a federal claim under 42 U.S.C. § 1983 and state wrongful death and survival claims. Because the state claims (Counts IV and V) do not state a plausible claim for relief against it, the County moves for dismissal of those claims.

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## SUMMARY OF ARGUMENT

Counts IV and V against the County must be dismissed because the County has governmental immunity from direct suit for state non-constitutional torts. The County is also entitled to invoke public official immunity to claims based on negligence. Only one plaintiff plausibly pleads a wrongful death action.

## ARGUMENT

### BALTIMORE COUNTY IS IMMUNE FROM SUIT TO COUNTS IV AND V AND ONLY ONE PLAINTIFF STATES A PLAUSIBLE CLAIM UNDER MARYLAND'S WRONGFUL DEATH STATUTE.

"Counties are shielded from tort liability for governmental actions unless the General Assembly has specifically waived the immunity of the municipality." *Williams v. Prince George's County*, 112 Md. App. 526, 553 (1996). "The operation by a county of its police department is quintessentially governmental." *Clark v. Prince George's*

2

*County*, 211 Md. App. 548, 558–59 (2013); *DiPino v. Davis*, 354 Md. 18, 48 (1999) (enforcing the criminal law is "quintessentially governmental"). The General Assembly has never waived the governmental immunity of counties from direct suit. Unlike the Maryland Tort Claims Act, which waives the State's sovereign immunity from direct suit, the Local Government Tort Claims Act ("LGTCA") does not waive the County's governmental immunity "in any extent more broad than its duty to indemnify employees." *Livesay v. Baltimore County*, 384 Md. 1, 20 (2004). The LGTCA also does not … authorize any actions directly against local governments …." *Id.* (quoting *Williams v. Maynard*, 359 Md. 379, 394 (2000)); *Baltimore Police Dept. v. Cherkes*, 140 Md. App. 282, 320–21 (2001); *Nam v. Montgomery County*, 127 Md. App. 172, 185 (1999). In an arrangement akin to respondeat superior liability, the LGTCA merely obligates a county to pay judgments against its employees under certain conditions (*See* Md. Code Ann., Cts. & Jud. Proc. § 5-303(b)) but does not authorize a direct suit against a county on the basis of respondeat superior liability. Hence the wrongful death action and the survival action against the County must be dismissed. *See, e.g., Ledergerber v. Blubaugh*, No. CV JKB-20-1208, 2020 WL 7029868, at *4 (D. Md. Nov. 30, 2020) ("Harford County is immune to direct suit for Maryland torts because [the LGTCA] 'does not waive governmental immunity or otherwise authorize any actions directly against local governments.'" (quoting *Williams v. Maynard*, 359 Md. 379, 394 (2000)); The only exception is for torts alleging a constitutional violation under Maryland law. *See Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 378 (D. Md. 2011) ("Under Maryland law, counties enjoy

governmental immunity from tort liability with respect to 'nonconstitutional torts based on activity categorized as governmental.'") (quoting *Housing Auth. of Balt. City v. Bennett*, 359 Md. 356, 361 (2000)). Therefore, because Counts IV and V are non-constitutional Maryland torts, the County has governmental immunity to liability and those claims must be dismissed.

An additional ground for dismissal is that both of these claims are grounded in negligence. (ECF No. 21 ¶ 93) ("the death of Jamaal Taylor was caused by the negligent use of excessive and/or lethal force"); (ECF No. 21 ¶ 107) ("Defendant[] Baltimore County Maryland … w[as] negligent"). Public officials have immunity from liability for torts based on negligence and in the absence of malice when they are committing discretionary acts. *See, e.g., Cooper v. Rodriguez*, 443 Md. 680, 713 (2015)*Smith v. Danielczyk*, 400 Md. 98, 128–29 (2007); *DiPino v. Davis*, 354 Md. 18, 49 (1999). The individual defendants, as police officers, are public officials. *See Cooper*, 443 Md. at 727 (police officers are public officials for the purpose of this public official immunity); *Washington Metro. Area Transit Auth. v. Tinsley*, 202 Md. App. 115, 123 (2011), *aff'd*, 429 Md. 217 (2012) (law enforcement is a "quintessential governmental function"). And the decision to use force to "seize" someone under the Fourth Amendment is certainly discretionary, not mandatory. Neither federal nor Maryland law compelled the officers to use force against Jamaal Taylor.

Under the LGTCA, a county "may assert on its own behalf any common law or statutory defense or immunity in existence as of June 30, 1987, and possessed by its employee for whose tortious act or omission the claim against the [county] is premised

4

and a [county] may only be held liable to the extent that a judgment could have been rendered against such an employee under this subtitle. Md. Code Ann., Cts. & Jud. Proc. § 5-303(e); see Hines v. French, 157 Md. App. 536, 571 (2004) ("C.J. § 5–303(e) permits the local government to utilize any immunity defense possessed by its employees"). Thus, because of the individual defendants' public official immunity, the County also has immunity to any claims in the First Amended Complaint based on negligence.

Immunity aside, only one plaintiff has stated a plausible claim for wrongful death under Maryland's wrongful death statute. A wrongful death action "shall be for the benefit of the wife, husband, parent, and child of the deceased person." Md. Code Ann., Cts. & Jud. Proc. § 3-904(a)(1). Only one plaintiff, Keith Taylor as Jamaal Taylor's father, qualifies as a plaintiff under this section. The wrongful death claim is brought by Keith Taylor and "minor plaintiffs C.T.., Sa.T.., T.T. and S.T.?," (ECF No. 21 at 35) but does not assert that Jamaal Taylor is their father and otherwise never refers to them again. The Amended Complaint even refers to Plaintiff Keith Taylor "as the biological Father of Decedent Jamaal Taylor's children." (ECF No 21 ¶ 102.)

Additionally, no child mentioned in the Amended Complaint can be a beneficiary under the wrongful death statue.  The statute states that "a person born to parents who have not participated in a marriage ceremony with each other is considered to be the child of the mother." Md. Code Ann., Cts. & Jud. Proc. § 3-904(h). The Amended Complaint nowhere asserts that Jamaal Taylor's children and their

Case 1:22-cv-02459-RDB   Document 22-1   Filed 06/02/23   Page 6 of 6

mother were married at the time of their birth. If children were born to unmarried parents, they can only be plaintiffs under the statute of any of the conditions in Md. Code Ann., Cts. & Jud. Proc. § 3-904(h)(1)–(2) have been met. Meeting these requirements is a condition precedent to bringing suit under the wrongful death statute. *See Spangler v. McQuitty*, 449 Md. 33, 67 (2016) ("that the beneficiaries have standing to sue" is a condition precedent to bringing a wrongful death action). The Amended Complaint never asserts any of those conditions have been met. Because only Keith Taylor qualifies as a beneficiary under Maryland's wrongful death statute, any wrongful death claim brought by any other plaintiff must be dismissed.

WHEREFORE, Defendant Baltimore County Maryland respectfully requests this Honorable Court issue an Order dismissing Counts IV and V in the First Amended Complaint.

Respectfully submitted,

**JAMES R. BENJAMIN, JR.**
Baltimore County Attorney

/s/
Bradley J. Neitzel
Assistant County Attorney
Bar No.: 26787
Email: bneitzel@baltimorecountymd.gov

Baltimore County Office of Law
400 Washington Avenue, Suite 219
Towson, Maryland 21204
Telephone: (410) 887-2364
Facsimile: (410) 296-0931
*Counsel for Defendant*
*Baltimore County Maryland*

6