## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND (NORTHERN DISTRICT)

The ESTATE OF JAMAAL TAYLOR     *

*Plaintiff*             * Case No.: 1:22-cv-02459-MJM


     v.                  *

BALTIMROE COUNTY, MARYLAND, ET AL.   *

*Defendant(s)*
   *     *     *     *     *     *     *     *     *     *     *
                                               *

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

NOW COME the Plaintiffs to this action, by and through James Sweeting and Law Office of James Sweeting III, who hereby oppose Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. In support of this Opposition, Plaintiffs assert that they have set forth sufficient factual allegations to make a plausible showing that the claims included within their Amended Complaint are valid.

### I. Relevant Background

This case, which concerns the police involved shooting death of Jamaal Taylor, was initiated in the Baltimore County Circuit Court on June 29, 2019. The original Complaint included the following causes of action: Count I – Deprivation of Rights Under 42 U.S.C.A. § 1983; Count II – Deprivation of Rights Under the Maryland Declaration of Rights; Count III – Deprivation of Rights under 42 U.S.C.A. § 1983

1

(*Monell* Claim); Count VI – Wrongful Death; and Count V – Survival Action. On June 2, 2023, the named Defendants filed a dispositive motion. (ECF 22).

On June 22, 2023, the undersigned filed a Motion for Leave to File Plaintiffs' opposition to the dispositive motion. (ECF 23)  By way of the pending dispositive motion, Defendants not only argue that the counts IV and V against the County should be dismissed because of governmental immunity from direct suit for state non-constitutional torts, but also requests this Honorable Court evaluate whether the Amended Complaint has properly met the conditions for the children of the deceased, Jamaal Taylor, to wrongful death claims against the Defendants. Plaintiffs respectfully request that this Honorable Court allow the litigation to proceed based upon the present filing as these requests are premature.

## II. <u>Argument</u>

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; '<u>importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.</u>'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)(quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)) (emphasis added); See also *Swierkiewicz v. Sorema N.A.*, 524 U.S. 506, 511 (2002)("The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.") "For [this] reason, such motions are granted sparingly and with caution." *See Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 511 F.2d 678, 680 (4th Cir. 1975) *rev'd* on other grounds, 425 U.S. 738, 96 S. Ct. 1848, (U.S.N.C. 1976).

"[A] Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing reasonable inferences from those facts in plaintiff's favor, it appears certain that plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards* 178 F.3d at 44; See also *Owens v. Baltimore City State's Attorney's Office*, 767 F. 3d 379, 396 (4th Cir. 2014) ("Dismissal under Rule 12(b)(6) is appropriate only if a plaintiff fails to state a claim that is plausible on its face."); *Ibarra v. United States*, 120 F. 3d 472, 474 (4th Cir. 1997) (an evaluating court must "accept the well-plead allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff"); *Flood v. New Hanover County*, 125 F. 3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F. 3d 213, 217-18 (4th Cir. 1994)) ("to dismiss a complaint pursuant to Rule 12(b)(6), the court must consider the well-pleaded material allegations in the light most favorable to the Plaintiff and accept those factual allegations as true.") Moreover, in case such as the instant matter where a "Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, '[the Court] must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to <u>relief under any legal theory which might</u> <u>plausibly</u> <u>suggested by the facts alleged</u>.'" *Edwards* 178 F.3d at 44 (quoting *Harrison v. UnitedStates Postal Serv.* , 840 F.2d 1149, 1152 (4 the Cir. 1988))(emphasis in original). The dismissal requested by the Defendants is not warranted in this case.

A.  **<u>Plaintiffs' State law claims in counts IV and V are facially viable</u>.**

Counts IV and V of the Amended Complaint are negligence actions against the named defendant officers and Baltimore County under Maryland state law. "In Maryland, two separate actions arise from a death caused by the negligence of another: a survival action and a wrongful death action." *Jones v. Flood*, 118 Md. App. 217, 223 (1997); see also *Steward v.Untied Elec. Light & Power Co.*, 104 Md. 332, 338-39 (1906). MD Code, Estates and Trusts § 7- 401(y) provides that the personal representative may bring suit to recover damages. *See also Jones*, 118 Md. App. at 223. The Court of Appeals of Maryland has held that "a survival action [is] one for 'personal injury.'" *Goss v. Estate of Jennings*, 207 Md. App. 151, 172 (2012); quoting *U.S. v. Streidel*, 329 Md. 533, 544, n. 9 (1993), *superseded by statute on other grounds*. "In a survival action, the personal representative may bring suit to recover for pain and suffering sustained by the decedent between the time of injury and death." *Jones*, 118 Md. App. at 223. Contrary to Defendants' argument, Plaintiffs' survival action is a proper stand-alone claim upon which relief may be granted.

Moreover, Defendants are not entitled to "public official immunity" at the present stage of this litigation. "[P]ublic official immunity is qualified, not absolute." *Baltimore Police Dept. v. Cherkes*, 140 Md.App. 282 (2001) (quoting *Nelson v. Kenny*, 121 Md. App. 482, 487 (1998).The immunity is defeated in circumstances where actors are found to have performed the relevant acts with "malice," *Thomas v. City of Annapolis*, 113 Md. App. 440, 452 (1997), acted with "gross negligence," *Cooper v. Rodriguez*, 443 Md. 680, 723 (2015), committed an intentional tort, *Houghton v. Forrest*, 412 Md. 578,

, 412 Md. 578, 586, 588 (2010), or committed a state constitutional tort, *Ritchie v. Donnelly*, 324 Md. 344, 370 (1991). "Actual malice is established by proof that the defendant-officer 'intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.' " *Bord v. Baltimore County*, 220 Md. App. 529, 557 (2014) (quoting *Town of Port Deposit v. Petetit*, 113 Md. App. 401, 416 (1997)); *see also Hines v. French*, 157 Md. App. 536, 562-63 (2004) (characterizing this definition as the standard for "malice" for the purposes of public official immunity). Gross negligence, on the other hand, is

> an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he [or she] inflicts injury intentionally or is so utterly indifferent to the rights of others that he [or she] acts as if such rights did not exist.

*Cooper*, 443 Md. at 708 *(quoting Barbre v. Pope*, 402 Md. 157, 187(2007))*.* Whether one acted with malice or gross negligence is typically a fact-dependent determination. *See Id.* at 708-09, 118; *Artis v. Cyphers*, 100 Md. App. 633, 653-54 (1994).

The factual allegations set forth in Plaintiffs Amended Complaint permit a reasonable inference that the defendant officers acted with gross negligence, or alternatively, with deliberate indifference towards a pervasive and unreasonable risk of constitutional harm to citizens like Decedent Taylor. Accordingly, public official immunity does not entitle them to the requested dismissal of Counts IV and V of the

Amended Complaint.

Likewise, Baltimore County is not shielded from these common law counts at this stage of the litigation.  The Maryland Court of Special Appeals of Maryland examined the applicability of immunity for municipalities and other local governments with regard to *respondeat superior* and explained:

> Maryland law provides no immunity for municipalities and other local government entitled from suits based upon violations of state constitutional rights. In *Clea v. City of Baltimore, supra,* 312 Md. at 667, 541 A.2d at 1305, this Court set forth the general rule

> that a municipality is ordinarily immune from tort suits with respect to its "governmental" activities but not with respect to "proprietary" activities." Nevertheless, we went on to state as follows (312 Md. at 667 n. 3, 541 A.2d at 1305 n. 3):

>> The governmental-proprietary distinction has not been applied, however, when local governments have been sued for violations of constitutional rights. In that situation, there is ordinarily no local governmental immunity. *See, e.g., Hebron Sav. Bk. v. City of Salisbury,* 259 Md. 294, 269 A.2d 597 (1970); *Jarvis v. Mayor and City Council of Baltimore City,* 248 Md. 528, 534–535, 237 A.2d 446 (1968); *Burns v. Midland,* 247 Md. 548, 234 A.2d 162 (1967).

> …There would be no reason for the Court of Appeals to have made that statement other than to explain the reason for denying immunity to a municipality for a constitutional tort: such a tort will not be deemed to have been committed in the performance of the municipality's governmental functions. As noted above, when a county or municipality acts in its governmental capacity, as distinguished from a proprietary capacity, it is exercising a portion of the State's police power, delegated to it by

the State. Because the commission of a constitutional
tort cannot be a proper exercise of the delegated police
power of the State, there is no basis for the application of
the distinction between proprietary activities and
governmental activities in order to confer governmental
immunity on the municipality for such a tort. And when
a municipality is liable for its torts, as it is when it acts in
a proprietary capacity, it is responsible under the
*respondeat superior* doctrine for the torts committed by
its employees in the scope of their employment…

<u>We hold, therefore, that a municipality is not entitled to
governmental immunity for a constitutional tort
committed by one</u> of its agencies or employees and
<u>imputed to the municipality under</u> the doctrine of
<u>*respondeat superior*</u>.

*Town of Port Deposit v. Petetit*, 113 Md. App. at 420-423 (emphasis supplied). In this

case, Plaintiffs have alleged a viable cause of action for violation of Decedent Taylor's

constitutional rights under the Maryland Declaration of Rights under Articles 24 and 26.

(ECF 21, Amended Complaint, Count II, ECF 21, ¶¶ 78-81) Plaintiffs brought

under Counts IV and V specifically state that "Defendant Baltimore Count[y] is

vicariously liable for the acts and omissions of its actual and apparent agents,

servants, and/or employees including Defendants Wise and Brocato." (ECF 21,

Amended Complaint, ¶¶ 98 and 106) As such, granting Defendants Motion to Dismiss

Counts IV and V with respect to Baltimore County, Maryland on the basis of

immunity is improper at this stage of litigation.

Immunity aside, all plaintiffs have stated a plausible claim for wrongful

death under Maryland's wrongful death statute. The Amended Complaint states " The

Minor Plaintiffs are entitled to recover damages for their fathers's tragic and untimely

death." (ECF 21, Amended Complaint, ¶ 103) In addition the Amended Complaint

refers to the minor plaintiffs as "the children of the deceased." *Id*. Jamaal Taylor is the only person that had an untimley death. An inference in favor of the Plaintiff is that Jamaal Taylor is the deceased and a the complaint is sufficient for the Minor Plaintiffs to bring a claim.

When viewed in the light most favorable to the Plaintiffs, the above referenced factual averments are sufficient to draw an inference that the Defendants' actions were motivated by evil motive or intent or were undertaken with reckless or callous indifference to the federally protected rights.

**III. <u>Conclusion</u>**

For the above stated reasons, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Dismiss Plaintiffs' Amended Complaint and grant such further and additional relief as it deems to be just and appropriate.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY, that on this **4th** day of **July, 2023**, a copy of the foregoing Opposition to Defendants' Motion to Dismiss Plaintiffs' Amended Complaint was sent by this Court's electronic delivery system to the following:

James R. Benjamin Jr.
Baltimore County Attorney

Bradley J. Neitzel
Assistant     County     Attorney
Baltimore County Office of Law
400 Washington Avenue, Suite 219
Towson, MD 21204

_____

James Sweeting III, Esquire
Law Offices of James Sweeting III, LLC
2225 St. Paul Street
Baltimore Maryland 21218
443 267-7534
Bar ID: 20573
james@sweetinglaw.com
Attorney for Plaintiff

9