IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THE ESTATE OF JAMAAL TAYLOR, *et al.*, | * | |
| | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Action No. RDB-22-2459 |
| | * | |
| BALTIMORE COUNTY, MARYLAND, *et al.*, | * | |
| | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

This case arises out of the 2019 death of Jamaal Taylor, who was allegedly shot and killed by two officers of the Baltimore County Police Department. Taylor's Estate ("the Estate"), Marah O'Neal-Taylor (the mother of Taylor's minor children), and Keith Taylor (Taylor's father) have brought this lawsuit based on federal question jurisdiction, 28 U.S.C. §§ 1331, 1343, against Baltimore County, Maryland and the two Baltimore County police officers. The Estate brings one claim against the Defendants Officers Wise and Brocato for deprivation of rights under Section 1983 of Title 42 of the United States Code. (ECF No. 21 at 27.) The Estate brings a second claim against Defendants Officers Wise and Brocato for deprivation of rights under Articles 24 and 26 of the Maryland Declaration of Rights. (*Id.* at 30.) The Estate brings a third claim against Baltimore County for deprivation of rights under Section 1983 of Title 42 of the United States Code for inadequate supervision and discipline

1

(a *Monell* claim).[1] (*Id.* at 31.) Marah O'Neal-Taylor and Keith Taylor bring a fourth claim against all defendants for wrongful death. (*Id.* at 35.) Lastly, the Estate and Keith Taylor bring a survival action against all defendants. (*Id.* at 39.)

Currently pending before this Court is Defendant Baltimore County's Motion to Dismiss (ECF No. 22) Counts IV and V of the First Amended Complaint (ECF No. 21), which are counts against all defendants for wrongful death and survival action. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, Baltimore County's Motion to Dismiss (ECF No. 22) is GRANTED and Counts IV and V are DISMISSED WITHOUT PREJUDICE as to Baltimore County.[2]

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Except where otherwise indicated, the following facts are derived from Plaintiffs' Complaint, and accepted as true for the purpose of Defendant's Motion to Dismiss.

Plaintiffs in this action are the Estate of Jamaal Taylor by personal representative Marah O'Neal-Taylor, Stephen Taylor (Taylor's father), and Marah O'Neal-Taylor as mother and next friend of C.T., Sa.T., T.T., and Si.T., minor children of the Decedent, Jamaal Taylor.

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).
[2] Counts I and II against the Defendants Officers Wise and Brocato, Count III against the County, and Counts IV and V against Defendants Officers Wise and Brocato remain pending.

(ECF No. 21 at 1.) Defendants are Baltimore County, Maryland, and two Baltimore County police officers, Officer Wise and Officer Brocato. (*Id.*)

On September 29, 2019, Defendants Officers Wise and Brocato responded to multiple 911 emergency calls outside the Hunt Valley Beer and Wine in Hunt Valley, Maryland. (*Id.* ¶ 1.) Upon arriving on the scene, the officers saw the decedent, Jamaal Taylor, who suffered from mental illness and was having a mental episode. (*Id.* ¶ 16–21.) Officers Wise and Brocato unholstered and drew their firearms. (*Id.* ¶ 22.) Taylor displayed signs of mental distress as he walked in the street away from the officers, and he was believed to be in possession of a knife. (*Id.* ¶ 20, 25.) Officers Wise and Brocato then allegedly opened fire on Taylor, discharging multiple rounds. (*Id.* ¶ 28.) Taylor was struck and fell to the ground, and he died as a result of his injuries. (*Id.* ¶ 31, 66.)

According to the Complaint, Officers Wise and Brocato never received any training on handling responses to calls regarding emotionally disturbed individuals, despite a general order from the Baltimore County Police Department indicating that officers should "de-escalate situations through verbal and active listening skills." (*Id.* ¶ 49, 53.) Baltimore County Police Department officers allegedly "have historically and routinely utilized excessive and deadly force encountering individuals experiencing mental health and emotional crises." (*Id.* ¶ 56.)

On September 29, 2022, Plaintiffs Marah O'Neal-Taylor, mother and next friend of minors C.T., Sa.T., T.T., Si.T., the Estate of Jamaal Taylor, and Keith Taylor filed the Complaint in this case against Defendants Baltimore County, Officer Wise in her personal and official capacity, and Officer Brocato in his personal and official capacity. (ECF No. 1.) Plaintiffs brought five counts for wrongful death, survival action, and deprivation of rights

under Section 1983 of Title 42 of the United States Code and Articles 24 and 26 of the Maryland Declaration of Rights. Defendant Baltimore County moved to dismiss the complaint on December 13, 2022. (ECF No. 13.) On December 23, 2022, Plaintiffs moved for leave to file an amended complaint (ECF No. 15), which the Court granted on February 24, 2023 while denying Baltimore County's motion to dismiss. (ECF No. 16.) Plaintiffs then filed an Amended Complaint on February 24, 2023 (ECF No. 17). Plaintiffs moved for default judgment on May 23, 2023 (ECF No. 19), which the court denied as moot (ECF No. 26) after Plaintiffs filed another Amended Complaint on May 25, 2023. (ECF No. 21.) Defendant Baltimore County then filed the presently pending Motion to Dismiss. (ECF No. 22.) Plaintiffs filed a Response (ECF No. 25), and although Baltimore County did not file a Reply, the time to do so has passed. *See* Loc. R. 105.2 (D. Md. 2023). The matter is thus ripe for review.

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic

recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011). When ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166–67 (4th Cir. 2016).

## ANALYSIS

"The LGTCA [(the Local Government Tort Claims Act), Md. Code Ann., Cts. & Jud. Proc. § 5-301,] does not create a cause of action against the local government." *Rounds v. Maryland-Nat. Cap. Park & Plan. Comm'n*, 109 A.3d 639, 650 (Md. 2015). Rather, "[t]he LGTCA limits the liability of local government," such as Baltimore County. *Town of Riverdale Park v. Ashkar*, 255 A.3d 140, 168 (Md. 2021). The Supreme Court of Maryland has long held that "the LGTCA does not waive any preexisting immunity against suit held by the local government or its employees." *Rounds*, 109 A.3d at 649; *Ledergerber v. Blubaugh*, No. CV JKB-20-1208, 2020 WL 7029868, at *4 (D. Md. Nov. 30, 2020); *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-507(a)(1) (2013) (codifying common law immunity for public officials who act without malice and within the scope of their employment). Instead, the LGTCA designates a

5

local government as de-facto "insurer," obligated to indemnify its employees from tort liability unless they acted with malice or gross negligence. *Hansen v. City of Laurel*, 25 A.3d 122, 128–29 n.5 (Md. 2011); *accord Rios v. Montgomery Cnty.*, 872 A.2d 1, 19 (Md. 2005).

Plaintiffs have brought two tort claims against Baltimore County that sound in negligence: wrongful death and survival action. *See Jones v. Flood*, 702 A.2d 440, 443 (Md. Ct. Spec. App. 1997), *aff'd*, 716 A.2d 285 (Md. 1998). As Judge Hollander of this Court has noted, "counties in Maryland enjoy governmental immunity in negligence actions when the conduct on which the suit is based is governmental, not proprietary." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 411 (D. Md. 2022) (citing *Pavelka v. Carter*, 996 F.2d 645, 648 (4th Cir. 1993)). "The operation by a county of its police department is quintessentially governmental." *Clark v. Prince George's Cnty.*, 65 A.3d 785, 791 (Md. Ct. Spec. App. 2013). Counts IV and V arise from the actions of the Baltimore County Police Department. Baltimore County is therefore immune from both Counts IV and V, as they are "nonconstitutional torts based on activity categorized as 'governmental.'" *Paulone v. City of Frederick*, 787 F. Supp. 2d 360 (D. Md. 2011) (quoting *Housing Auth. Of Balt. City v. Bennett*, 754 A.2d 367, 370 (2000)). Counts IV and V should thus be DISMISSED WITHOUT PREJUDICE as to Defendant Baltimore County.

At common law, public official immunity shields public officials who engage in negligent acts while performing discretionary duties. *Houghton v. Forrest*, 989 A.2d 223, 228 (Md. 2010). Public official immunity applies "when the actor is (1) a public official, (2) the tortious conduct occurred in the course of the actor's performance of discretionary, rather than ministerial acts, and (3) those acts were within the scope of the actor's official duties." *Id.* Public official immunity does not apply where a public official acts with malice or commits an

intentional or constitutional tort. *Johnson v. Balt. Police Dep't*, 452 F. Supp. 3d 283, 297–98 (D. Md. 2020); *see also Gray-Hopkins v. Prince George's Cnty.*, 309 F.3d 224, 233 (4th Cir. 2002). Likewise, the Supreme Court of Maryland has held "that gross negligence is an exception to common law public official immunity." *Cooper v. Rodriguez*, 118 A.3d 829, 854 (Md. 2015).[3] Maryland courts define malice as "conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud." *Barbre v. Pope*, 935 A.2d 699, 714 (Md. 2007) (citations omitted); *see also Bord v. Baltimore Cnty.*, 104 A.3d 948, 964 (Md. Ct. Spec. App. 2014) ("'[Actual] malice is established by proof that the defendant-officer 'intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.'" (alteration in original) (quoting *Town of Port Deposit v. Petetit*, 688 A.2d 54, 62 (Md. Ct. Spec. App. 1997))). Gross negligence is defined as "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Cooper*, 118 A.3d at 845–846. "One 'is guilty of gross negligence or acts wantonly and willfully only when he [or she] inflicts injury intentionally or is so utterly indifferent to the rights of others that he [or she] acts as if such rights did not exist.'" *Howard v. Crumlin*, 197 A.3d 574, 582 (Md. 2018) (alterations in original) (quoting *Barbre*, 935 A.2d at 717).

---

[3] At the time of *Cooper v. Rodriguez*, the Supreme Court of Maryland was named the "Court of Appeals of Maryland." At the November 8, 2022, general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the "Supreme Court of Maryland." The name change took effect on December 14, 2022.

In Maryland, "law enforcement officers are public officials and, thus, fall within the scope of qualified immunity as to their discretionary acts." *Williams v. Baltimore*, 751 A.3d 41, 61 (Md. 2000); *see also Robinson v. Bd. of Cnty. Comm'rs for Prince George's Cnty.*, 278 A.2d 71, 74 (Md. 1971) (recognizing immunity where police officers act without malice). Police officers act with discretion when they act "within the scope of their law enforcement function." *Cooper v. Doyle*, No. DKC 22-0052, 2022 WL 16923857, at *3 (D. Md. Nov. 14, 2022). Plaintiffs do not dispute that Officers Wise and Brocato were acting with discretion in their response to the 911 calls.

Based upon the allegations in the Amended Complaint (ECF No. 21), there is no contention that Defendants Officers Wise and Brocato "intentionally performed an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff." *Bord*, 104 A.3d at 964. The alleged facts provide no basis for an allegation of evil or hateful motive. Rather, the Complaint alleges only that "the death of Jamaal Taylor was caused by the negligent use of excessive and/or lethal force" (ECF No. 21 ¶ 93) and that "Defendants Wise and Brocato were negligent, in among other things, failing to act as reasonably competent law enforcement personnel would have acted under the same or similar circumstances." (*Id.* ¶ 107.) These are insufficient allegations to rise to the level of actual malice. And given the officers' belief that Taylor was armed with a weapon, neither does their alleged conduct amount to gross negligence or wonton, willful, or intentional misconduct. Accordingly, public official immunity provides further grounds for the dismissal of Counts IV and V as to Defendant Baltimore County, as the LGTCA "permits the local government to utilize any immunity defense

possessed by its employees." *Vince's Crab House, Inc. v. Olszewski*, No. 648, Sept. Term, 2022, 2023 WL 3862424, at *7 (Md. Ct. Spec. App. June 7, 2023) (quoting *Hines v. French*, 852 A.2d 1047, 1067 (Md. Ct. Spec. App. 2004)). Counts IV and V should therefore be DISMISSED WITHOUT PREJUDICE as to the Baltimore County.[4]

Accordingly, Defendant Baltimore County's Motion to Dismiss Counts IV and V of the Complaint (ECF No. 22) is GRANTED.

## CONCLUSION

For foregoing reasons, it is this 26th day of January, 2024, ORDERED that:

1. Defendant Baltimore County's Motion to Dismiss (ECF No. 22) Counts IV and V is GRANTED;

2. Counts IV and V are DISMISSED WITHOUT PREJUDICE as to Defendant Baltimore County;

3. The Clerk of the Court shall transmit copies of this Memorandum Order to counsel of record.

Dated: January 26, 2024

                                                /s/
                                                Richard D. Bennett
                                                United States Senior District Judge

---

[4] Defendants Officers Wise and Brocato have yet to file any responsive pleading, but the same public official immunity analysis would apply to them should they raise it as a defense.